The document below is hereby signed.

Signed: July 6, 2017



_S. Martin Teel, Jr._
_S. Martin Teel, Jr._
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| STACEY ANN MAKELL, | ) | Case No. 16-00480 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER

The debtor has filed a *Motion to Reopen Bankruptcy Case, Waive Fees, and Re-Institute the Automatic Stay* (Dkt. No. 32). The court will deny the debtor's pending motion to reopen this case.

The debtor filed her petition commencing this case on September 14, 2016, in order to stay a foreclosure sale set for the same day. The debtor failed to complete credit counseling prior to filing her petition, as is required by 11 U.S.C. § 109(h)(1).[1] On September 29, 2016, the court issued an *Order*

---

[1] The debtor erroneously represented on her petition that she had received prepetition credit counseling but that she did not have a certificate of completion.

*to Show Cause Due to Failure to File Pre-Petition Date Credit Counseling Certificate* (Dkt. No. 22).  The debtor failed to respond to that order, and on October 13, 2016, the court entered an order (Dkt. No. 29) dismissing the case based on the debtor's failure to respond to that order.  On October 15, 2016, the Bankruptcy Noticing Center mailed copies of that order to both the debtor and her attorney.  The debtor's bankruptcy case was closed on November 8, 2016.  Six months later, on May 19, 2017, the debtor filed her motion to reopen the case, seeking to reinstate the automatic stay (and thus implicitly seeking to have the court vacate the dismissal order).

In her motion, the debtor explains that she attempted to complete the paperwork for credit counseling at the clerk's office before filing her petition commencing this case, but was unable to do so because she had to file her petition in order to stay the imminent foreclosure sale.  She represents that due to her work schedule, she was unable to complete credit counseling until September 25, 2016 (11 days after the commencement of the case). She represents that she failed to file the certificate of credit counseling through inadvertence, mistakenly thinking that her attorney was filing the certificate.

The court has discretion to deny a motion to reopen a bankruptcy case when nothing would be gained by reopening the

case.  Nothing would be gained by reopening this bankruptcy case. Thus, the request to reopen the case will be denied.

First, even if the case were reopened, the order of dismissal would remain in place unless vacated.  A motion to vacate the order of dismissal would fall under Fed. R. Civ. P. 60(b), and under Fed. R. Civ. P. 60(c) such a motion must be made within a reasonable time.  In no way, in the circumstances of this case, can pursuing such relief seven months after the case was dismissed be deemed pursuing such relief within a reasonable time. Both the debtor and her attorney were well aware that the case had been dismissed, and if the debtor wished to have the dismissal of the case set aside, the debtor should have promptly filed a motion to vacate the dismissal order.  This is a case under chapter 13 of the Bankruptcy Code in which (had the case not been dismissed) the debtor would have long ago been required to file a plan and to make plan payments.  A dismissal would be appropriate based on the long delay in filing a plan and making plan payments.

Second, if the case were reopened and the debtor were allowed to file her certificate of post-petition credit counseling, § 109(h) would still render her ineligible to be a debtor in this case because she did not receive the credit counseling *prepetition*.  Therefore, vacating the dismissal order would be inappropriate.  Section 109(h)(3)(A) permits an

3

exemption from the prepetition credit counseling requirement but only if the debtor files a certification meeting certain requirements, among which is that the certification is satisfactory to the court. The debtor failed to file any such certification prior to the dismissal of the case, and even if she were to file such a certification in a reopened case, the certification would not be satisfactory to the court given the long delay of the debtor in seeking to file such a certification. For all of these reasons, it is

    ORDERED that the debtor's motion to reopen is DENIED.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification of filings.